IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LYLE STEWART,

    Plaintiff,

vs.                                                                  No. CIV-09-1042 MCA/LFG

HERCULES INDUSTRIES,

DAVID NICOLL, and

TOM GILL,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on *Defendants' Motion To Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) Plaintiff's Claims Brought Pursuant To The New Mexico Human Rights Act And To Dismiss Plaintiff's Claims Brought Pursuant to Title VII Against Defendants David Nicoll And Tom Gill In Their Individual Capacities*. [Doc 6] Having considered the submissions, the relevant law, and otherwise being fully advised in the premises, the Court grants the motion.

**I.     BACKGROUND**

Plaintiff's complaint alleges that he was subject to racial discrimination in the workplace, which ultimately resulted in his resignation from the defendant company,

Hercules Industries. [Doc 1-1 at 2, 4] In July 2008, Plaintiff filed a complaint with the New Mexico Human Rights Division (the Division) against Hercules Industries and two individual defendants, David Nicoll and Tom Gill (collectively, Defendants). That complaint was terminated by the Division in March 2009. [Doc 6-1, 6-2] In October 2009, Plaintiff filed the instant action in the Second Judicial District Court, and Defendants thereafter removed the case to this Court. [Doc 1, Doc 1-1] Plaintiff has proceeded *pro se* throughout this litigation.

## II. ANALYSIS

Dismissal of a *pro se* plaintiff's complaint for failure to state a claim is proper only when it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend the complaint. Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). Although the Court must liberally construe a *pro se* plaintiff's pleadings, a broad reading of the complaint does not relieve a *pro se* plaintiff from the burden of alleging sufficient facts upon which a recognized legal claim could be based. See Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996).

Defendants make two arguments in their motion to dismiss. First, Defendants contend that Plaintiff's claims for violations of the New Mexico Human Rights Act (NMHRA) were untimely filed and should therefore be dismissed. [Doc 6 at 3] Second, Defendants argue that Plaintiff cannot maintain claims pursuant to 42 U.S.C. § 2000(e)(a)(1) (Title VII) against the individual defendants, Nicoll and Gill. [Id.] Plaintiff did not respond to Defendants' motion, and Defendants filed a notice of briefing complete on December 18, 2009. [Doc 14]

Each argument is addressed in turn.

**A.  Timeliness**

Under the NMHRA, it is unlawful for an employer to

> to refuse to hire, to discharge, to promote or demote or to discriminate in matters of compensation, terms, conditions or privileges of employment against any person otherwise qualified because of race, age, religion, color, national origin, ancestry, sex, physical or mental handicap or serious medical condition, or, if the employer has fifty or more employees, spousal affiliation.

NMSA 1978, § 28-1-7(A) (2004).  In order for an employee to seek redress under the NMHRA, the employee must file a complaint with the Division within three hundred days of the alleged violative conduct.  NMSA 1978, § 28-1-10(A) (2005).  After the complaint is filed,

> [t]he director shall promptly investigate the alleged act.  If the director determines that the complaint lacks probable cause, the director shall dismiss the complaint and notify the complainant and respondent of the dismissal. The complaint shall be dismissed subject to appeal as in the case of other orders of the commission.

Section 28-1-10(B).  An appeal from the Division's decision may be taken to "the district court in the county where the discriminatory practice occurred or where the respondent does business," and notice of appeal must be filed within 90 days of "the date of service of the commission's order." NMSA 1978, § 28-1-13(A) (2005). "[C]ompliance with the grievance procedure in the Human Rights Act is a prerequisite to suit in district court under the Act. . . ." Luboyeski v. Hill, 117 N.M. 380, 382, 872 P.2d 353, 355 (1994).

Generally, when evaluating a motion to dismiss, this Court does not consider evidence

apart from the pleadings. See Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) ("[I]n general, a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings." (alteration in original) (internal quotation marks and citation omitted)). When, however, a party launches a factual attack on the court's subject matter jurisdiction, "the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence under Rule 12(b)(1)." Paper, Allied-Industrial, Chemical & Energy Workers Int'l Union v. Continental Carbon Co., 428 F.3d 1285, 1292 (10th Cir. 2005) (Continental). According to the New Mexico Supreme Court, "the timely filing of a notice of appeal from an NMHRA administrative order is effective to give the district court jurisdiction to try the case *de novo* under Section 28-1-13 . . . [and], the district court must dismiss an NMHRA claim if the prerequisites of obtaining an order from the Division and appealing that order within thirty days are not satisfied." Mitchell-Carr v. McLendon, 1999-NMSC-025, ¶ 17, 127 N.M. 282, 980 P.2d 65 (internal quotation marks and citation omitted) (referencing the former 30-day time limit, which was increased to 90 days by the New Mexico Legislature in 2005). The question currently before the Court, whether Plaintiff's complaint was timely filed, is therefore jurisdictional. As a result, although Defendants submitted their motion pursuant to Fed.R.Civ.P. 12(b)(6), the Court will consider the question as a challenge to the Court's subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). See Continental, 428 F.3d at 1292. In that light, the Court will refer to the additional documents submitted by Defendants—a copy of the complaint that Plaintiff filed with the Division, as well as a copy

of the letter decision that was issued by the Division. [Doc 6-1; Doc 6-1]

These documents clearly establish that Plaintiff's claims under the NMHRA cannot stand. Plaintiff filed his complaint with the Division and with the Equal Employment Opportunity Commission (EEOC) on July 17, 2008. [Doc 6-1 at 3] On March 18, 2009, the Division issued a "Determination Of No Probable Cause" and notified Plaintiff that he had 90 days to appeal the decision to the district court and 15 days to request a substantial weight review with the EEOC. [Doc 6-2 at 1, 2] Plaintiff did not file a complaint in the district court until October 8, 2009—204 days later. [Doc 1-1 at 1] Accordingly, Plaintiff's NMHRA allegations were untimely filed in the Second Judicial District Court, and this Court therefore has no jurisdiction to entertain them on the merits. See Mitchell-Carr, 1999-NMSC-025, ¶ 17.

## B.  Individual Defendants

With regard to Defendants' second argument, it is well established that

> [u]nder Title VII, suits against individuals must proceed in their official capacity; individual capacity suits are inappropriate. The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act. . . . [T]he proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly.

Haynes v. Williams, 88 F.3d 898, 899 (10th Cir. 1996) (internal quotation marks and citation omitted). Plaintiff has named Defendants Nicoll and Gill individually—not as agents of the employer. Accordingly, the claims against Defendants Nicoll and Gill are dismissed.

### III.  CONCLUSION

For the foregoing reasons, the pending motion will be granted.  However, because it remains unclear from the record before the Court that the EEOC was asked to conduct a substantial weight review in a timely manner, it appears that Plaintiff's Title VII claim remains, as pleaded against the employer, Hercules Industries.

IT IS THEREFORE ORDERED that *Defendants' Motion To Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) Plaintiff's Claims Brought Pursuant To The New Mexico Human Rights Act And To Dismiss Plaintiff's Claims Brought Pursuant to Title VII Against Defendants David Nicoll And Tom Gill In Their Individual Capacities* is GRANTED.

SO ORDERED this 26th  day of May, 2010, in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
United States District Judge